# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | | |
|---|---|---|
| **TASHMA MCFADDEN # 337321** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. WDQ 08-154 |
| | * | |
| **CORRECTIONAL OFFICER ANTONIA ALLISON, in her individual and official capacities,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT

Plaintiff, Tashma McFadden, # 337321, by and through his attorneys, files this amended complaint pursuant to Fed. Rule Civ. P. 15(a) and states as follows:

### Parties

1. The Plaintiff, Tashma McFadden, was at all times mentioned herein a pre-trial detainee of the State of Maryland in the custody of the Division of Pretrial Detention and Services.

2. Mr. McFadden is currently a prisoner of the State of Maryland in the custody of the Department of Corrections and is confined at the Eastern Correctional Institution, located in Westover, Maryland.

3. Mr. McFadden is a citizen and resident of the State of Maryland and the United States of America.

4. Upon information and belief, the Defendant, Correctional Officer Antonia Allison, at all times relevant to this action, was and is employed by the Maryland Division of

Pretrial Detention and Services as a correctional officer at the Baltimore City Detention Center (the "BCDC"), located at 401 E. Eager Street, Baltimore, Maryland.

5. Defendant Allison is sued individually and in her official capacity. At all times mentioned in this complaint Defendant Allison acted under the color of state law, authority, statute, custom, or usage, and pursuant to her official authority.

## Jurisdiction and Venue

6. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation of rights, under color of state law, granted by the Constitution of the United States of America.

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

8. Venue in this Court is appropriate under 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in Baltimore City in the State of Maryland.

## Facts

9. On or about June 3, 2006, Mr. McFadden was placed into the custody of the Division of Pretrial Detention and Services and was confined in the BCDC.

10. On or about the evening of July 5, 2006, while on duty at the BCDC, Officer Allison assumed supervision of the BCDC tier on which the Plaintiff was being detained.

11. While serving as the officer in control of that tier, Officer Allison opened or caused Mr. McFadden's cell door to be opened.

12. Officer Allison opened or caused Mr. McFadden's cell door to be opened for the purpose of allowing approximately nine assailants to enter Mr. McFadden's cell.

13. Officer Allison knew that allowing the assailants into Mr. McFadden's cell would cause bodily harm to Mr. McFadden.

14. Several of the assailants were armed with knives or similarly dangerous weapons.

15. When the assailants entered Mr. McFadden's cell, they physically attacked, beat, and stabbed Mr. McFadden.

16. The attack on Mr. McFadden lasted approximately five minutes.

17. As a result of the attack, Mr. McFadden sustained severe and permanent injuries to his person, including, but not limited to, multiple puncture wounds to his back, torso and face.

18. Upon information and belief, Officer Allison's conduct was taken in retaliation for a prior verbal dispute with Plaintiff.

19. The assailants were known to Officer Allison.

20. The assailants are believed to have been other inmates or detainees confined at BCDC.

21. The attack was not allowed to occur for any purpose other than the unnecessary and wanton infliction of pain.

22. Officer Allison, though cognizant of the attack on Plaintiff, made no effort to stop the attack on Mr. McFadden.

23. Officer Allison did not request or provide medical treatment for Mr. McFadden despite her knowledge of the attack and the severe injuries sustained by Mr. McFadden.

24. Officer Allison's actions were not necessary or reasonable.

25. Officer Allison knew or should have known that her actions were illegal.

26. Officer Allison's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

27. Officer Allison's conduct was extreme and outrageous and beyond the bounds of decency in society.

28. Officer Allison's conduct, as alleged herein, was committed deliberately, willfully, wantonly and maliciously, and was influenced by hatred and spite.

## Count I

29. Plaintiff incorporates and re-alleges the assertions set forth in paragraphs 1 through 28, as if fully set forth herein.

30. As a direct and proximate result of the above described intentional conduct of Officer Allison taken under color of state law, Plaintiff was punished without having been convicted of a crime.

31. Plaintiff was therefore deprived of due process as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

32. As a direct and proximate result of the above described intentional conduct of Officer Allison taken under color of law, Mr. McFadden sustained severe and permanent injuries to his person and has suffered and will continue to suffer physical damage and severe emotional distress as a result of those injuries.

33. As a direct and proximate result of the above described intentional conduct of Officer Allison taken under color of law, Mr. McFadden has incurred and will be compelled to incur in the future medical expenses for medical hospital and doctor's bills in an effort to be relieved of his pain and suffering, and Mr. McFadden has suffered and will suffer other damages.

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

34. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

35. Compensatory damages in the amount of $200,000 against Defendant Allison.

36. Punitive damages in the amount of $600,000 against Defendant Allison.

37. Plaintiff's costs and attorney's fees in this suit.

38. Any additional relief this court deems just, proper, and equitable.

    /s/ Aaron L. Casagrande
Aaron L. Casagrande
Bar No. 28518
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202
acasagrande@wtplaw.com
410-347-8700

## DEMAND FOR A JURY TRIAL

Plaintiff respectfully demands a jury trial to all counts of this complaint under Fed. R. Civ. Proc. 38.

    /s/ Aaron L. Casagrande
Aaron L. Casagrande

*1810281*